REDACTED



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 20-51 |
| v. | |
| JOANNA L. CRANE, | |
| Defendant. | |

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT ONE

*Background*

1. The Social Security Administration ("SSA"), an agency of the United States, administered certain government benefit programs, including the Retirement and Survivor's Insurance ("RSI") benefit program, pursuant to Title 42, United States Code, Sections 401-433.

2. The RSI program was an earned-right program funded through Social Security wage taxes. When an individual worked, that individual paid taxes on his or her wages into the Social Security trust fund. If that individual paid sufficient Social Security taxes during the time of employment, he or she was eligible to receive retirement benefits upon reaching a certain age. Benefits eligibility and payment amounts were determined based on the age of the beneficiary at retirement and the average salary and number of years of employment.

3. Defendant, JOANNA L. CRANE ("CRANE") is the daughter of P.R.. Beginning in or around February 2005, P.R. began receiving a retirement benefit based on her earnings record. At all times relevant to this Indictment, the benefit was in excess of $1,600.00 per month.

4.  At all times relevant to this Indictment, P.R.'s benefits were paid by direct deposit into a PNC Bank account ending in 0277 (the "PNC account"), which was held jointly in the name of P.R. and her husband J.R.  J.R. died on or about January 16, 2016.

*Scheme and Artifice to Defraud*

5.  P.R. died on or about January 30, 2016. Upon P.R.'s death, no individual was entitled to continue to receive P.R.'s RSI benefits.

6.  SSA was not aware of P.R.'s death.  As a result, SSA continued to electronically deposit P.R.'s RSI benefits into the PNC account until these deposits were suspended in or around August 2019.  At the time benefits were suspended in 2019, SSA had paid a total of approximately $70,860.00 in unauthorized benefits after P.R.'s death.

7.  Following the deaths of J.R. and P.R., the PNC account was not closed.  From in or around February 2016 through on or about July 24, 2019, P.R.'s RSI benefit funds were the only funds deposited into the PNC account.

8.  In September 2016, the address associated with the PNC account was changed from the address where P.R. had resided in Clayton, Delaware to CRANE'S address in New Jersey.

9.  In connection with the PNC account, a Debit/ATM card, number ending in 3143; was issued in the name of P.R. This card was originally activated on July 10, 2007.  A new Debit/ATM card, bearing the same number was reissued on July 9, 2018, more than two years after P.R.'s death.

10. After P.R. died in January 2016, CRANE began to access the RSI funds in the PNC account by making ATM cash withdraws and point of sale ("POS") transactions, using the Debit/ATM card bearing account number 3143.  These transactions included, but were not limited to, payments for CRANE and her husband's T-Mobile and Direct TV accounts, and to a

bankruptcy trustee overseeing CRANE's bankruptcy.

*Charging Paragraph*

11. From on or about February 24, 2016 through July 24, 2019, in the District of Delaware and elsewhere, defendant, **JOANNA L. CRANE** having devised and intending to devise a scheme and artifice to defraud, as described in paragraphs 1 through 10 above, incorporated herein by reference, and for the purposes of executing such scheme and artifice to defraud and for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce, as set forth below, namely, an electronic funds transfer of benefit payments from the SSA to the PNC account as described below. These electronic transfers include, but are not limited to the following:

| DATE OF TRANSFER | DESCRIPTION OF TRANSFER |
|---|---|
| February 24, 2016 | SSA payment of $1674.00 for P.R. by electronic funds transfer from Jamaica, New York to Kansas City, Missouri, to East Rutherford, New Jersey, to Pittsburg, Pennsylvania, accessed in Smyrna, Delaware. |
| June 22, 2016 | SSA payment of $1674.00 for P.R. by electronic funds transfer from Jamaica, New York to Kansas City, Missouri, to East Rutherford, New Jersey, to Pittsburg, Pennsylvania, accessed in New Castle, Delaware. |
| February 22, 2017 | SSA payment of $1674.00 for P.R. by electronic funds transfer from Jamaica, New York to Kansas City, Missouri, to East Rutherford, New Jersey, to Pittsburg, Pennsylvania, accessed in Wilmington, Delaware. |
| May 24, 2017 | SSA payment of $1674.00 for P.R. by electronic funds transfer from Jamaica, New York to Kansas City, Missouri, to East Rutherford, New Jersey, to Pittsburg, Pennsylvania, accessed in Wilmington, Delaware. |

| January 24, 2018 | SSA payment of $1685.00 for P.R. by electronic funds transfer from Jamaica, New York to Kansas City, Missouri, to East Rutherford, New Jersey, to Pittsburg, Pennsylvania, accessed in New Castle, Delaware. |
| --- | --- |
| June 27, 2018 | SSA payment of $1685.00 for P.R. by electronic funds transfer from Jamaica, New York to Kansas City, Missouri, to East Rutherford, New Jersey, to Pittsburg, Pennsylvania, accessed in New Castle, Delaware. |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

Upon conviction of Count One of this Indictment, JOANNA L. CRANE, defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of the said violation.

If any of the forfeitable property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C § 853(p) to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

_____
Foreperson

DAVID C. WEISS
UNITED STATES ATTORNEY

BY: _Maureen McCartney_
    Maureen McCartney

Dated: 8/25/20